Gao v. Holder

BIA
Laforest, IJ
A099 682 803

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand thirteen.

PRESENT:
      ROBERT D. SACK,
      GERARD E. LYNCH,
      SUSAN L. CARNEY,
         *Circuit Judges.*

_____

SHU HUA GAO,
      *Petitioner,*

      v.                  12-2131
                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Theodore M. Davis; Evan Goldberg, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Branch Director; Matthew A. Connelly, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shu Hua Gao, a native and citizen of China, seeks review of an April 26, 2012, decision of the BIA, affirming a July 2, 2010, decision of Immigration Judge ("IJ") Brigitte Laforest, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shu Hua Gao*, No. A099 682 803 (B.I.A. Apr. 26, 2012), *aff'g* No. A099 682 803 (Immig. Ct. N.Y. City July 2, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Gao challenges the IJ's admission and reliance on records from her interview before the asylum office, arguing that her interview was adversarial and coercive in violation of agency regulation and her due process rights. However, Gao fails to provide any factual basis for her conclusory assertion, and a review of the record demonstrates that the IJ did not err in admitting or relying on the interview to deny Gao relief. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 268 (2d Cir. 2006); *see also Diallo v. Gonzales*, 445 F.3d 624, 631–32 (2d Cir. 2006).

Gao fails to otherwise challenge the agency's dispositive determinations that she was ineligible for asylum and withholding of removal as an alien who participated in the persecution of others, *see* 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i); 8 C.F.R. § 1208.16(d)(2), or that she failed to demonstrate her eligibility for deferral of removal under the CAT. Therefore, we need not address the agency's alternative finding that she was not credible.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

3

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk